UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

……………………………………………….

UNITED STATES OF AMERICA,

    -against-

XIAOQING ZHENG

         Defendant.

……………………………………………….

**DEFENDANT'S TRIAL BRIEF**

Case No. 1:19-cr-00156-MAD

Defendant XIAOQING ZHENG, by his attorneys Luibrand Law Firm PLLC and Michelman & Robinson, LLP hereby submit this Trial Brief.

## I. INTRODUCTION

Defendant, Xiaoqing Zheng, was charged in a fourteen count superseding Indictment on August 10, 2021, charging him with one count of Conspiracy to Commit Economic Espionage, in violation of Federal 18 U.S.C. 1831(a)(5), one count of Conspiracy to Commit Theft of Trade Secrets in violation of Title 18 U.S.C. §1832(a)(5), five counts of Economic Espionage in violation of Title 18 U.S.C. §1831(a)(1)(2) and six counts of Theft of Trade Secrets violation Title 18 U.S.C. §1832(a)(1)(2) and (3), and one count of False Statement or Entries in violation of 18 U.S.C. §1001(a)(2).

## II. CHARGES

Title 18 U.S.C. §1831 reads in pertinent part as follows:

> **(a) In general.** Whoever, intending or knowing that the offense will benefit any foreign government, foreign instrumentality, or foreign agent, knowingly—
>
> **(1)** steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains a trade secret;

1

**(2)** without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys a trade secret;

**(3)** receives, buys, or possesses a trade secret, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

**(5)** conspires with one or more other persons to commit any offense described in any of paragraphs (1) through (3), and one or more of such persons do any act to affect the object of the conspiracy.

Title 18 U.S.C. section 1832 reads in pertinent part:

**(a)** Whoever, with intent to convert a trade secret, that is related to a product or service used in or intended for use in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly—

**(1)** steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains such information;

**(2)** without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys such information;

**(3)** receives, buys, or possesses such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

**(5)** conspires with one or more other persons to commit any offense described in paragraphs (1) through (3), and one or more of such persons do any act to affect the object of the conspiracy, shall, except as provided in subsection (b), be fined under this title or imprisoned not more than 10 years, or both.

"Trade secrets" are defined as all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, if each of the following elements are met:

(1) the owner has taken reasonable measures to keep such information secret;

(2) the information is not generally known to, and is not readily ascertainable through proper means by the public; and

(3) the information derives independent economic value, actual or potential, from not being generally known to, or not being readily ascertainable through proper means by, the public.

### III. EVIDENCE

Based upon the Indictment, the pretrial discovery provided by the government, and the anticipated evidence, the government will not establish all the elements of either 18 U.S.C. sections 1831 or 1832 beyond a reasonable doubt. Principally, the government will not prove beyond a reasonable doubt that materials identified as transferred by Xiaoqing Zheng were "trade secrets" as defined under law.

The evidence will show that the materials that were transferred by Dr. Zheng are not "trade secrets" as defined but rather are materials that are (1) sufficiently within the domain of the trade; or (2) patented or subject to multiple published studies or reports.

The government will not establish by direct evidence or inferentially that the Defendant acted with the intent to benefit someone other than the owner of the materials transferred or that

the Defendant intended to injure the owner of the materials transferred. Rather, the evidence will show that there was no harm to GE and no benefit to anyone other than GE.

GE also encouraged the Defendant and other GE employees to work beyond their prescribed job descriptions as problem solvers, and involved employees, including the Defendant, in projects tangentially related to their core GE work. Defendant was formally rewarded by GE for working on projects outside his scope of work and the Defendant worked on projects charged in the superseding indictment so as to advance the success of GE's business model.

### IV. **TRIAL ISSUES**

A number of trial related issues are expected to arise during the course of the trial regarding the admissibility and relevancy of evidence. Those issues that are currently foreseeable to the defense have been addressed in pre-trial Motions in Limine and cover each of the following topics as they may arise during the course of the trial:

1. MOTION IN LIMINE CONCERNING GOVERNMENT INTERFERENCE WITH DEFENDANT'S RETENTION OF A BLADE AND COMBUSTION EXPERT
2. MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND TESTIMONY RELATED TO STEGANOGRAPHY
3. MOTION IN LIMINE TO EXCLUDE PREJUIDCIAL AND CUMULATIVE VIDEO EVIDENCE
4. MOTION IN LIMINE TO EXCLUDE THE USE OF THE TERMS TRADE SECRET OR OTHER PREJUDICIAL OR CONCLUSORY LANGUAGE
5. MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE PERTAINING TO GE'S SUPPLIERS
6. MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO PRIOR ACTS
7. MOTION IN LIMINE TO EXCLUDE ALL REFERENCES TO OTHER, UNRELATED CASES
8. MOTION IN LIMINE TO EXCLUDE AS EVIDENCE PHOTOGRAGHS AND EVIDENCE OF CASH MONEY SEIZED BY THE GOVERNMENT FROM THE DEFENDANT'S HOUSE

Additional issues subject to pretrial determination, exhibits and witnesses may be brought to the Court's and government's attention in the weeks leading into trial and as trial progresses.

Dated: August 23, 2021                     Respectfully submitted,

LUIBRAND LAW FIRM, PLLC

<u>Kevin A. Luibrand</u>
Kevin A. Luibrand, Esq.
Bar Roll No. 102083
*Attorneys for Defendant Zheng*
Office and P.O. Address:
950 New Loudon Road
Suite 270
Latham, New York  12110
Telephone:  (518) 783-1100
Facsimile:  (518) 783-1901
E-mail:  kluibrand@luibrandlaw.com

MICHELMAN & ROBINSON LLP

<u>Bradley L. Henry</u>
Bradley L. Henry, Esq.
Bar Roll No. 517655
*Attorneys for Defendant*
Office and P.O. Address:
800 3RD Avenue, 24th Floor
New York, New York 10022
Telephone.: (917) 942-9132
Facsimile: (212) 730-7725
E-mail: bhenry@mrllp.com